IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21CV617

| | | |
|---|---|---|
| RANDY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| AT&T SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This mater is before the Court upon the Plaintiff's Motion to Compel Discovery

Responses and Sanctions. (Doc. No. 9). This motion is fully briefed and ripe for disposition.

Plaintiff, a former employee of the Defendant, filed his Complaint on November 12, 2021

alleging race discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000, *et seq*. and wrongful discharge in violation of North Carolina public policy. Plaintiff

subsequently served discovery requests on Defendant, including Interrogatories and Requests for

Production. Defendant served its responses to the discovery requests, but Plaintiff found the

responses to be insufficient. On March 7, 2022, Plaintiff sent a meet and confer letter offering

compromises and requesting Defendant supplement its deficient discovery responses. Defendant

failed to respond. On March 31, 2022, Plaintiff again contacted Defendant to request

supplementation and again Defendant did not respond. On April 11, 2022, Plaintiff's counsel left

a voicemail for defense counsel, who responded via email on April 12 indicating counsel was

available the following day (April 13), but when Plaintiff suggested call times, no response or

confirmation was received.

1

Having met with no success in conferring with Defendant's counsel regarding the deficient responses, Plaintiff's counsel contacted the Court on April 14 via email, with a copy to opposing counsel, to request a telephonic discovery conference as required by the Local Rules. A telephonic conference with the undersigned was scheduled for April 26, 2022, at 10:30 a.m. The Court directed the Parties to submit emails in advance of the conference, briefly explaining their respective positions. Defendant failed to submit an email or participate in the conference.[1] At the conference the Court directed Plaintiff to proceed with filing the Motion to Compel.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . .." Fed. R. Civ. P. 26(b)(1). Parties in a civil action enjoy broad discovery, and "the discovery rules are given 'a broad and liberal treatment.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc*., 967 F.2d 980, 983 (4th Cir.1992) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).

A motion to compel is proper where the adverse party has failed to provide full and complete responses to discovery requests. Fed. R. Civ. P. 37. An evasive or incomplete response is treated as a failure to respond at all. Fed. R. Civ. P. 37(a)(4). Additionally, a party served with discovery requests does not have a right to leave "gaps" in his or her responses. *Calkins v. Pacel Corp.*, No. 3:07cv00025, 2008 WL 2311565, at *5 (W.D. Va. June 4, 2008).

Plaintiff seeks an order compelling Defendant to respond fully to Interrogatories 1, 2, and 9 and Requests 2, 9, 10, 11, 22, 23, and 26, and for an award of attorneys' fees and costs as sanctions. Plaintiff has indicated that he agreed to limit the temporal scope of the discovery requests.

---

[1] Defendant's counsel claims that he was on vacation from April 21 through April 26 and was unaware of the conference. Nevertheless, counsel did not weigh in on Plaintiff's April 14 email to the Court nor did he contact the Court to explain that he had been out of the office once he realized that the conference had occurred.

In its Response, the Defendant devotes most of its brief to arguing why Plaintiff's wrongful discharge claim should be dismissed, despite that fact that it has not filed a motion to dismiss that claim. In the remainder of its Response, Defendant contends that because Plaintiff's EEOC Charge only alleges discrimination from August 27, 2020 to November 2, 2020, Plaintiff's discovery should be limited to this narrow time frame. However, "temporal limits on discovery are determined on a case-by-case basis," and courts have readily and regularly granted temporal scopes years before the alleged conduct at issue. *Johnson v. Mechanics Farmers Bank*, Civil No. 3:05CV258-W, 2006 WL 3207320, at *4 (W.D.N.C. Nov. 3, 2006) (in employment discrimination case, discussing temporal scope and finding as "reasonable" a five year window for employment records [including comparator records] beginning over four years before the first alleged discriminatory event); *Marens v. Carrabba's Italian Grill, Inc*., 196 F.R.D. 35, 40-41 (D. Md. 2000) (in employment discrimination case, ordering production of documents of similar incidents occurring within five year period preceding plaintiff's termination).The Court finds Plaintiff's requests, as self-limited in scope by the Plaintiff, relevant and proportional to the case. Accordingly, the Court will grant Plaintiff's Motion to Compel.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel and for Sanctions is hereby GRANTED, and Defendant is directed to respond fully and completely to Plaintiff's Interrogatories 1, 2, and 9 and Requests 2, 9, 10, 11, 22, 23, and 26 within fourteen days;

IT IS FURTHER ORDERED that Plaintiff is directed to submit to the Court an affidavit stating the reasonable costs and fees incurred in bringing this motion.

Signed: June 2, 2022

Graham C. Mullen
United States District Judge

3